902 F.2d 1569
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Beulah R. MATTOX, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 89-6257.
 United States Court of Appeals, Sixth Circuit.
 May 18, 1990.
 
 Before BOYCE F. MARTIN, Jr., and BOGGS, Circuit Judges, and BARBARA K. HACKETT, District Judge.*
 PER CURIAM.
 
 
 1
 Beulah R. Mattox appeals the district court's grant of summary judgment to the Department of Health and Human Services, affirming the Department's denial of supplemental security income disability benefits.
 
 
 2
 Mattox, who is nearly 64 years old, rests her claim of disability on a shoulder injury suffered in an auto accident in November 1985. Mattox continued to work after the accident, but she underwent surgery for her shoulder in August 1986. On September 3, 1986, Dr. Eslick Daniel, the orthopedic surgeon who performed the operation, stated that Mattox could return to work in three to four weeks. Mattox sought a second opinion from her initial treating physician, Dr. Donald Polk. Dr. Polk concurred with the assessment by Dr. Daniel on September 10, 1986. When Dr. Daniel again examined Mattox on October 29, 1986, he found that Mattox was doing "very well" and was able to return to work. Mattox had good range of motion in her shoulder, although she could not raise her arm over her head and would have difficulty with repeated lifting of more than 20 pounds.
 
 
 3
 On September 3, 1986--the same day as Dr. Daniel's initial opinion--Mattox filed an application for supplemental security income disability benefits. The Department denied benefits and refused to reconsider her application. Mattox requested an administrative hearing, at which an administrative law judge found that she was not disabled. The Department's Appeals Council vacated the decision of the administrative law judge because it was made without assessments by Mattox's treating physicians. The Appeals Council directed the administrative law judge to obtain updated medical evidence before the new hearing.
 
 
 4
 Dr. Kenneth L. Moore examined Mattox and submitted his opinion on June 6, 1988. Dr. Moore found that Mattox had full passive motion in her shoulder, but also some tenderness. Dr. Moore diagnosed Mattox as having acromioclavicular arthritis. He stated that she "should avoid overhead work or work with her arm away from her body." Dr. Moore gave no opinion on Mattox's ability to do her past relevant work in a garment factory.
 
 
 5
 At Mattox's second hearing, the administrative law judge again found that Mattox was not disabled and could return to her past relevant work as a presser in a garment factory. The work involved lifting with both of her arms to do the ironing and pressing.
 
 
 6
 Mattox exhausted her administrative remedies, then filed a complaint in district court on February 15, 1989. A magistrate recommended that summary judgment be granted in favor of the Department, and the district court adopted the magistrate's recommendation on June 16, 1989.
 
 
 7
 On appeal, Mattox contends that the administrative law judge incorrectly analyzed her claim by making a general finding that her past work was light and that she could perform some light work. To determine that a claimant can perform past relevant work, the specific abilities of the claimant must be compared to her specific past relevant employment. Abshire v. Bowen, 848 F.2d 638, 641 (5th Cir.1988). Mattox does not dispute the determination that she can do some light work, nor does she dispute the finding that her work in the garment factory was light. Mattox contends that she cannot do the specific light work of ironing in the factory. Here, the administrative law judge found:
 
 
 8
 4. The claimant has the residual functional capacity to perform work-related activities except for work involving frequent lifting, carrying more than twenty five pounds and overhead work (20 CFR 416.945).
 
 
 9
 5. The claimant's past relevant work as a collar shaper and presser and collar trimmer did not require the performance of the work-related activities precluded by the above limitation(s) (20 CFR 416.965).
 
 
 10
 6. The claimant's impairment does not prevent the claimant from performing her past relevant work.
 
 
 11
 This finding was grounded specifically in Mattox's limitations and the requirements of her specific work, meeting the requirements of Abshire.
 
 
 12
 We must now determine whether the administrative law judge's determination was supported by substantial evidence. See Listenbee v. Secretary of Health and Human Services, 846 F.2d 345, 349 (6th Cir.1988) (standard of review for social security decision is substantial evidence). The claimant bears the ultimate burden of proof of disability. Id., at 349-50. In addition, the claimant must present evidence to establish her inability to return to her former employment before the burden shifts to the Department to show that the claimant can perform other work. Cole v. Secretary of Health and Human Services, 820 F.2d 768, 771 (6th Cir.1987).
 
 
 13
 In determining whether summary judgment is appropriate in a social security disability case, the question is not whether there is an issue of fact as to whether the claimant is disabled, but whether substantial evidence supports the decision of the Department. We are not to review the factual decisions of the administrative law judge de novo, even if we would have reached a different decision. Listenbee, 846 F.2d at 349.
 
 
 14
 Substantial evidence supports the administrative law judge's determination that Mattox failed to show that she could not perform her previous work in the garment factory. Contrary to Mattox's contention, the record does not show that her left arm is useless. Two doctors who had examined Mattox found that she could return to work soon after her operation. Dr. Moore, who examined her later, expressed no opinion as to whether she was disabled, but found that she could lift light loads and move her arm so long as she did not have to lift it above her head. Mattox has not shown that these limitations would prevent her from working at her previous work as a presser in a garment factory.
 
 
 15
 The judgment of the district court is affirmed.
 
 
 
 *
 The Honorable Barbara K. Hackett, United States District Judge for the Eastern District of Michigan, sitting by designation